UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-22185-Civ-COOKE/TORRES

NICOLA BERTOLOTTI, individually,

    Plaintiff,

vs.

A&L INTERNATIONAL MOTOR CORP., a
Florida Corporation, and ABEL FERNANDEZ,
individually,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

    Plaintiff Nicola Bertolotti ("Plaintiff" or "Bertolotti") brought this action against A&L International Motor Corp. ("A&L") and Abel Fernandez (collectively "Defendants"), alleging: (1) violation of the Motor Vehicle Information and Cost Savings Act, commonly known as the Federal Odometer Act, 49 U.S.C. §§ 32701-32711 (Count I); (2) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201-501.211 (Count II); and common-law fraudulent inducement (Count III).

    I have jurisdiction under 28 U.S.C. §§ 1331, 1367.

    Pending is Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion"). (ECF No. 10). The parties have submitted their respective briefs. Having considered the arguments, the record, and relevant legal authorities, I grant Defendants' Motion for the reasons that follow.

## BACKGROUND

    On January 29, 2016, Plaintiff entered into an agreement (the "Agreement") with A&L for the purchase of a used Chrysler automobile (the "Vehicle"). (ECF No. 1 ¶ 6; ECF 10-1).[1] The Agreement provides, in pertinent part, that the Vehicle had an odometer reading

---

[1] The documents referred to as the "Agreement" by Plaintiff were not attached to the Complaint. Rather, they are attached as exhibits to the instant Motion to Dismiss. Because

of 12,877 miles. *Id.* It specified, however, that 12,877 miles "*is not the actual mileage.*" *Id.* (emphasis added). In other words, A&L warned Plaintiff that there was an odometer discrepancy. *Id.*

Plaintiff nonetheless agreed to pay $9,981.00 for the Vehicle. (ECF No. 1 ¶ 6). Thereafter, Plaintiff discovered a "Car Fax" report on the Vehicle, which showed that on March 10, 2015, the Vehicle had an odometer reading of 89,892 miles. (*Id.* ¶ 7).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Ultimately, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

The Federal Odometer Act, codified in 49 U.S.C. §§ 32701-32711, "imposes on car dealers various requirements intended to ensure that automobile consumers are provided with accurate statements of a car's mileage." *Beam v. Domani Motor Cars, Inc.*, 922 F. Supp. 2d 1338, 1341 (S.D. Fla. 2013). "Pursuant to the Federal Odometer Act, the Secretary of Transportation has imposed the requirement that a dealer must, upon sale of a motor vehicle, include on the title certificate a statement of the vehicle's current mileage." *Coleman v. Lazy Days RV Center, Inc.*, No. 8:05-cv-00930-T-17-TBM, 2006 WL 2131303, at *4 (M.D. Fla. 2006); *see also* 49 C.F.R. § 580.5(c)) ("the transferor shall disclose the mileage

---

Plaintiff referenced these documents in the Complaint, I may consider them incorporated into Complaint. *See Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 143 F. Supp. 3d 1283, 1291 (S.D. Fla. 2015).

on the title, and not on a reassignment document"). Yet, "[t]he regulations also provide that the mileage disclosure may be made on a supplemental form in cases where the vehicle has not yet been titled or where there is no room on the certificate." *Coleman*, 2006 WL 2131303, at *4; *see also* 49 C.F.R. § 580.5(g).

A private party may recover treble damages or $10,000, whichever is greater, from "[a] person who violates [the Federal Odometer Act] or a regulation prescribed or order issued under [the Federal Odometer Act], with intent to defraud[.]" 49 U.S.C. § 32710(a) (2012). For a plaintiff to recover damages under the Act, he must prove (1) a violation of the act (2) made with intent to defraud. *See Tepper-Barak v. JM Auto, Inc.*, 2016 WL 6082358, at *2 (S.D. Fla.) (citing *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005)). [2] A majority of courts have found an "intent to defraud" where a seller exhibited gross negligence or a reckless disregard for the truth in preparing odometer disclosure statements. *See Huycke v. Greenway*, 876 F.2d 94, 95 (11th Cir. 1989) (buyer does not have to establish that the seller had actual knowledge of the violation to show intent to deceive).

Because a private cause of action requires the allegation of an intent-to-defraud, courts have held that the stringent pleading standards of Federal Rule of Civil Procedure 9(b) apply to Federal Odometer Act claims. *Tepper-Barak*, 2016 WL 6082358, at *2 (citations omitted). The Rule 9(b) standard is satisfied when a plaintiff alleges: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiff[ ]; and (4) what the Defendants gained by the alleged fraud." *Id.* (quoting *Miccosukee Tribe of Indians v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015)).

Here, Bertolotti alleges that Defendants violated the Federal Odometer Act by: (1) advertising the vehicle for sale with a rolled back odometer without providing the Car Fax report to show that the odometer was inconsistent due to the condition of the vehicle as a

---

[2] *See also Owens*, 425 F.3d 1318 (holding that buyer's allegation that seller's failure to provide buyer with certificate of title when seller was falsely marketing the vehicle as "new" was sufficient to state a claim pursuant to the Federal Odometer Act); *see also Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d. 1313, 1318 (S.D. Fla. 2004) (holding that plaintiff stated a claim of violation of the Federal Odometer Act where seller failed to provide the actual title certificate for examination and signature at time of sale pursuant to 49 C.F.R. § 580.5(c), and, thus, seller was able to hide and conceal from plaintiff certain negative title history).

3

"salvage" or "rebuilt" title; and (2) engaging in a conspiracy to violate the Federal Odometer Act. These bare allegations are insufficient to state a cause of action under the Federal Odometer Act, 49 U.S.C. § 32705. First, the words "salvage" or "rebuilt" appear nowhere in the Federal Odometer Act and as such they are not required disclosures. The sole requirement under the Federal Odometer Act is a "disclosure of the cumulative mileage registered on the odometer" or a "disclosure that the actual mileage is unknown." *See* 49 U.S.C. § 32705(a).

Bertolotti does not specifically allege that Defendants intentionally concealed the vehicle's current mileage at the time of the sale. Rather, Bertolotti contends that Defendants failed to furnish the Car Fax report or otherwise disclose the condition of the vehicle as "salvage" or "rebuilt." As discussed above, such disclosures are not required under the Federal Odometer Act. Moreover, Defendants provided documents evidencing full compliance with the disclosure requirements under the Federal Odometer Act. *See* 49 U.S.C. § 32705(a). These documents included a statement of the vehicle's current mileage and a warning for odometer discrepancy. Accordingly, Plaintiff's claim alleging violation of the Federal Odometer Act warrants dismissal.

With respect to Count II, Bertolotti contends that Defendants violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.201 *et seq.* As a consumer protection law, FDUTPA seeks to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce." Fla. Stat. § 501.202(2). "To state an FDUTPA claim, [a plaintiff] must allege (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (citation omitted).

"Although the FDUTPA does not require proof of actual fraud, the consumer must prove that the seller engaged in 'unfair or deceptive acts or practices' to be entitled to relief." *Tuckish*, 337 F. Supp. 2d at 1320. "The term 'unfair or deceptive acts' is not clearly defined, but may require conduct that offends established public policy, and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1317 (M.D. Fla. 2000) (internal quotation marks and citation omitted).

As was the case with Count I, Bertolotti has failed "to allege sufficient facts to show that he has been actually aggrieved by [an] unfair or deceptive act committed" by Defendants during the purchase of the Vehicle. *Id.* Again, the documents furnished by Defendants provided Bertolotti with actual notice of the vehicle's odometer discrepancy. These actions preclude Bertolotti from alleging a FDUPTA claim.

As to Count III, Bertolotti alleges a fraud claim against Defendants for falsely representing that the condition of the Vehicle would be fit for the purpose for which it was being purchased. "Under Florida law, the elements for actionable fraud are (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party." *Clear Marine Ventures, Ltd. v. Brunswick Corp.*, at *4 (S.D. Fla. 2010) (citing *Palm Beach Atl. Coll., Inc., v. First United Fund, Ltd.*, 928 F.2d 1538 (11th Cir. 1991)). As with all averments of fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud shall be stated with particularity. *See Tuckish*, 337 F. Supp. 2d at 1321; *see also Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

Bertolotti's claim clearly fails as to the first element required to state a cause of action for fraud. Bertolotti was made aware of the vehicle's actual mileage discrepancy by way of an odometer disclosure statement provided by Defendants during the purchase of the Vehicle. Defendants therefore did not make "a false statement concerning a material fact" about the Vehicle. *Clear Marine Ventures, Ltd.*, 2010 WL 528488, at *4.

Moreover, Bertolotti does not allege that the separate odometer disclosure statement he received from Defendants was false as would be "sufficient to demonstrate that Defendant[s] intentionally committed fraud in the sale of the vehicle to Plaintiff." *Gaskins v. Tropical Auto. Wholesale Grp., Inc.*, 2016 WL 2346953 at *2 (M.D. Fla.). Therefore, Bertolotti's claim for fraudulent inducement warrants dismissal.

## I.   CONCLUSION

In sum, Plaintiff has failed to establish a *prima facie* case for violation of the Federal Odometer Act, 49 U.S.C. §§ 32701-32711 (Count I); the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201-501.211 (Count II); and for fraudulent inducement

(Count III). For the reasons outlined above, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 10) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*.

The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers in Miami, Florida this 17th day of November 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres,* U.S. Magistrate Judge
*Counsel of Record*